UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WILLIAM HENRY CANTRELL | CIVIL ACTION NO. 05-0868 |
| versus | JUDGE WALTER |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | **REFERRED TO:**<br>**MAGISTRATE JUDGE HORNSBY** |

## MEMORANDUM RULING

**Introduction**

William Cantrell ("Plaintiff") applied for benefits based on alleged limitations stemming from problems such as heart disease, memory loss and bipolar disorder. Plaintiff, who has a college degree and past work experience that includes employment as an insurance salesman and gambling dealer, was 60 years old when ALJ Charles Lindsay denied his claim. The ALJ found, based on his assessment of the evidence and testimony from a vocational expert ("VE"), that Plaintiff could perform the job duties of his past work as a gambling dealer.

The Appeals Council denied a request for review. Plaintiff then filed this civil action seeking the limited judicial relief that is available pursuant to 42 U.S.C. § 405(g). Both parties filed written consent to have a magistrate judge decide the case and, pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the

reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Issues on Appeal**

The ALJ determined that Plaintiff had the residual functional capacity ("RFC") for a full range of medium work, reduced by an inability to drive automotive equipment or work around dangerous moving machinery or at unprotected heights, the ability to only occasionally climb, balance, stoop, kneel, crouch, and crawl, and with *moderate* limitations in the ability to maintain attention and concentration for extended periods, to interact with the general public, and to accept instructions and respond appropriately to supervisors. The ALJ added, parenthetically, that "Moderate means there are some moderate limitations, but the person can still perform the task satisfactorily." Tr. 17. Plaintiff alleges that the ALJ erred when he defined "moderate" in such a way. Plaintiff also urges that it was error for the Appeals Council to deny his request for review without weighing all of the evidence, including evidence that he filed after the date of the ALJ's decision.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there

are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Moderate Limitation**

The ALJ recognized at step two of the five-step sequential analysis that Plaintiff suffered from the following severe impairments: coronary artery disease, episodic vertigo and major depressive disorder. Tr. 18. With respect to the depression, Thomas Staats, Ph.D. a clinical neuropsychologist, conducted a consultative mental status examination of Plaintiff in June 2003. Plaintiff reported that he had developed memory problems after receiving medication to dissolve a blood clot during one of his several heart-related medical procedures. Plaintiff reported that he had been diagnosed with bipolar disorder by Dr. Paul Ware in 1994 and had taken Lithium in the past. Plaintiff was taking Prozac at the time of the examination. He complained of symptoms such as anxiety, excessive worry, sadness and fatigue. His thinking was intact, logical and coherent. Plaintiff showed some somatic-fixation and strong concerns of future transient ischemic attacks or strokes. Plaintiff's short-term and intermediate memory were tested and found to be intact, and Plaintiff remained focused during the interview. His long-term memory was also deemed intact for recent and remote recall. Plaintiff's sustained concentration was adequate, and his persistence from a psychological standpoint was fair. Social interaction was deemed marginal. Tr. 125-27.

Tom Ray, Ph.D., a consultant for the state agency, reviewed the records and assessed Plaintiff's ability to work. He checked boxes on forms to indicate that Plaintiff was not

significantly limited in most areas, but he was "moderately limited" in the ability to maintain attention and concentration for extended periods, interact appropriately with the general public, and accept instructions and respond appropriately to criticism from supervisors. On an attachment to the form, Dr. Ray provided as reasons the report from Dr. Staats, the lack of any recent psychiatric treatment, and the lack of support for Plaintiff's claim of profound memory loss and dementia. Dr. Ray concluded: "Overall file evidence suggests the mental ability to meet the requirements of simple, routine job settings." Tr. 128-31.

The ALJ, based on these reports and the other evidence, assessed Plaintiff's RFC (as set forth above) and included a statement that Plaintiff was moderately limited in the ability to maintain attention and concentration for extended periods, to interact with the general public, and to accept instructions and respond appropriately to supervisors. The ALJ directed interrogatories to the VE and asked that she assume the RFC set forth in the opinion. The interrogatories also included the ALJ's definition of moderate to mean "there are some moderate limitations, but the person can still perform the task satisfactorily." Tr. 79. Based on that RFC and definition, the VE testified that a person with that RFC and Plaintiff's vocational factors could not perform Plaintiff's past work as a sales agent (because of the need to drive automotive equipment) but could perform the work of a gambling dealer. Tr. 79.

The court finds that, considering the reports from Dr. Staats, the evaluation by Dr. Ray and the limited history of mental-health treatment or medication required by Plaintiff, the

mental limitations set forth by the ALJ in his RFC are, under the definition of moderate employed by the ALJ, supported by substantial evidence. There were credible evidentiary choices and medical findings that supported the determination.

The term moderate appears in the regulations in various places, but it does not appear to be specifically defined in the regulations. Plaintiff urges that moderate, because it falls between mild and marked, should be read to indicate a greater level of limitation than employed in the ALJ's definition. Plaintiff points to information in various agency forms and the Commissioner's Program Operations Manual System ("POMS") to support his argument. One of the forms submitted by Plaintiff, a medical source statement, defines moderate just as the ALJ did, to mean there is a moderate limitation in the area but the individual is still able to function satisfactorily.

The critical issue for purposes of appeal is not the precise definition of moderate when it is employed in various places in the regulations. What is important here is how the ALJ defined the term for the VE and whether the VE knew that was the degree of limitation she was assessing when determining whether the hypothetical person could perform the demands of work. There was substantial evidence for the degree of mental limitation assessed by the RFC. The VE, instructed to assume such a limitation, testified that a person with such limitations could perform Plaintiff's past relevant work. There is no indication that the VE relied upon a different definition of moderate that she may have believed was intended by the regulations. Rather, she answered the ALJ's question based on a definition that he

provided her to explain what he meant by a moderate limitation. There is no reversible error under these circumstances.[1]

**Evidence Submitted to Appeals Council**

The ALJ found that Plaintiff had a history of coronary artery disease, bypass procedures and other cardiac-related medical history. That evidence persuaded the ALJ to assess an RFC for only medium work, reduced by the inability to drive automotive equipment or work around dangerous moving machinery or at unprotected heights (and engage in other activities) because of Plaintiff's history of vertigo and transient ischemic attacks. After the ALJ issued his decision in September 2004, Plaintiff filed with the Appeals Council medical records from Dr. Thomas Brown dated April 2001 through October 2004. The evidence indicates that Plaintiff had a triple bypass surgery in October 2004. Plaintiff had experienced significant angina. Dr. Brown wrote, after the surgery, that he suspected Plaintiff would continue to have episodic pain but "hopefully medications will make this better." Tr. 191.

Plaintiff argues that it was error for the Appeals Council to deny his request for review without weighing all of the evidence, including the newly submitted evidence. The Fifth

---

[1] A similar argument arose in Martinez v. Barnhart, 2003 WL 22736530 (W. D. Tex. 2003) where the ALJ offered two definitions for moderate. One was that the person had a severe limitation but was still able to do the function satisfactorily. The other definition was that the ability to function in that area was fair, meaning the person could perform the activity satisfactorily some of the time. The ALJ's decision was affirmed because the court found that the VE's testimony reflected that, under either definition, the hypothetical person could perform the jobs at issue. Moreover, the court added: "The Court does not find that the ALJ relied on an incorrect standard, even if the ALJ defined 'moderately limited' as the ability to function satisfactorily."

Circuit has held that the Commissioner's final decision, the decision that is to be reviewed by the courts, includes the Appeals Council's denial of a request for review and requires the court to consider (in determining whether there is substantial evidence to support the decision) evidence that was submitted for the first time to the Appeals Council. Higginbotham v. Barnhart, 405 F.3d 332 (5th Cir. 2005).

The Appeals Council wrote that it had "considered the additional evidence" submitted after the ALJ's decision, but it "found that this information does not provide a basis for changing the Administrative Law Judge's decision." Tr. 5.

The court finds that the Commissioner's final decision is supported by substantial evidence despite the late-submitted materials. The evidence does not so strongly suggest that Plaintiff, during the relevant time, had a limitation inconsistent with the assessed RFC or the ability to perform the work of a dealer, as to require reversal of the Commissioner's decision. Accordingly, a judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 31st day of July, 2006.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE